UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

               v.                     DECISION AND ORDER
                                            02-CR-073A

MARK CONGI,

               Defendant.

---

## **INTRODUCTION**

On June 22, 2005, the government filed a motion pursuant to 18 U.S.C. § 3148(b), requesting revocation of defendant Mark Congi's pretrial release. The government claims the defendant violated the terms and conditions of his pretrial release by: (1) committing a state and federal crime while on pretrial release; and (2) contacting some of his codefendants notwithstanding an express prohibition against doing so. On June 28, 2005, defendant and his counsel appeared before the Court pursuant to a summons. The Court set a date for a revocation hearing and amended defendant's terms and conditions of release by adding a reporting requirement and a 6:00 p.m. to 6:00 a.m. curfew with electronic monitoring. The Court also instructed the defendant not to have any contact with potential witnesses or his codefendants.

On July 26, 2005, the Court held a revocation hearing. Despite the defendant's objections, the government proceeded by way of proffer.

Trial in this case is currently scheduled for September 7, 2005.

After reviewing the submissions of the parties, considering the evidence proffered at the hearing, and hearing argument from counsel, the Court grants the government's motion for revocation of defendant's release.

### **FINDINGS OF FACT**[1]

On May 23, 2002, the defendant, Mark Congi, was released on his own recognizance following his arrest in the above-captioned case. Among the conditions of his release, the defendant was to "avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution, including but not limited to: as named in Indictment, without counsel present, & other than necessary for employment." Both the defendant and his counsel stated that they understood this condition to mean that the defendant could not contact his codefendants without counsel present. See Item No. 564 at 116-17, 121; see also Government Hearing Exhibits 1, 3 and 4. Another condition of release was that the defendant "not commit any offense in violation of federal, state or local law while on release in this case."

Codefendant Anthony Cerrone has recently commenced cooperation with the government and has told law enforcement officials that in approximately December 2004, just before Cerrone's scheduled trial in this case, he was given a message by the secretary at Local 91 to contact defendant Congi (the secretary confirms that Congi asked her to give such a message to Cerrone). When Cerrone did eventually speak

---

[1] The Court presumes knowledge of the underlying allegations in this case.

with Congi, Congi told Cerrone not to cooperate with the government and that "it will all work out."

Codefendant Andrew Shomers is also cooperating with the government. He has told law enforcement officials that Congi contacted him on multiple occasions while they were both on pretrial release and urged him not to cooperate with the government.

Shomers has also told law enforcement agents that after newly-appointed officers took over the leadership of Local 91 following the Indictment in this case, Congi contacted him and directed him to go to the homes of newly-appointed officers and damage their vehicles by slashing their tires. Shomers refused. However, Congi later told Shomers that he was able to get two other Local 91 members to slash the tires at his request. The government has proffered that it has interviewed the other Local 91 members allegedly involved and they have confirmed that they, along with a third person, did in fact slash the tires of three newly-appointed officers at Congi's request. See also Government Hearing Exhibits 5, 6 and 7.

Codefendant Andrew Tomasik has told investigators that in approximately May 2005, after he had visited the United States Attorney's Office on official business, defendant Congi approached him at a job site where he was working and attempted to speak with him, even though Congi had no legitimate purpose for being at the job site. Tomasik refused to speak with Congi. Tomasik stated that after that visit, Congi periodically visited Tomasik's job site, even though he had no legitimate reason to do so.

## **CONCLUSIONS OF LAW**

Revocation of pretrial release is governed by 18 U.S.C. § 3148(b), which provides as follows:

> **Revocation of release**.--The attorney for the Government may initiate a proceeding for revocation of an order of release by filing a motion with the district court. A judicial officer may issue a warrant for the arrest of a person charged with violating a condition of release, and the person shall be brought before a judicial officer in the district in which such person's arrest was ordered for a proceeding in accordance with this section. To the extent practicable, a person charged with violating the condition of release that such person not commit a Federal, State, or local crime during the period of release, shall be brought before the judicial officer who ordered the release and whose order is alleged to have been violated. The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer–
>
> (1) finds that there is--
>
> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>
> (B) clear and convincing evidence that the person has violated any other condition of release; and
>
> (2) finds that--
>
> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
>
> (B) the person is unlikely to abide by any condition or combination of conditions of release.
>
> If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community. If the judicial officer finds that there are conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, and that the person will abide by

such conditions, the judicial officer shall treat the person in accordance with the provisions of section 3142 of this title and may amend the conditions of release accordingly.

Here, the Court finds that there is probable cause to believe that while on release, the defendant committed the state crime of Criminal Mischief in the Third Degree, a class E felony.[2] N.Y. Penal Law § 145.05 provides as follows:

A person is guilty of criminal mischief in the third degree where with intent to damage property of another person, and having no right to do so nor any reasonable ground to believe that he has such right, he damages property of another person in an amount exceeding two hundred fifty dollars.

The defendant caused others to slash the tires of three newly-appointed officers of Local 91. In at least one of those instances, the tires were valued in excess of $250. See Government Hearing Exhibit 6.

The Court further finds that there is clear and convincing evidence that defendant violated the condition of pretrial release prohibiting him from contacting his codefendants without counsel present. Defendant contacted Anthony Cerrone and Andrew Shomers in violation of this condition. He also attempted to contact Andrew Tomasik.

Because the Court finds probable cause to believe that the defendant, while on release, committed a state felony, to wit, a violation of N.Y. Penal Law § 145.05, there is a rebuttable presumption that no condition or combination of conditions will assure that the defendant will not pose a danger to the safety of any person or the community. Defendant Congi has failed to rebut this presumption.

---

[2] The Court makes no finding with regard to the government's allegation of witness tampering in violation of 18 U.S.C. § 1512.

Even without the presumption, the Court would find that there is no condition or combination of conditions that will assure that the defendant will not pose a danger to the safety of the community if released. As stated above, defendant has contacted other codefendants both directly and through third persons in violation of the Court's release order. He has also been able to induce third parties to commit crimes to retaliate or send a message to other members of Local 91. Even home detention would not provide an adequate safeguard in this case. With the availability today of cell phones and the Internet, it would be almost impossible for the Court to fashion conditions of release that would adequately ensure that the defendant could not contact witnesses and codefendants, and could not order or induce others to commit crimes on his behalf.

## **CONCLUSION**

For the reasons stated, the Court hereby grants the government's motion to revoke defendant's release and orders that the defendant be detained until the completion of his trial. Defendant shall surrender himself to the United States Marshal's Office in Buffalo, New York no later than Friday, August 5, 2005 at 10:00 a.m. Defendant shall be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of the Court or on request of an attorney for the government, the person in charge of the corrections facility in which defendant is confined shall deliver defendant to a United

States Marshal for the purpose of an appearance in connection with any court proceeding.

    IT IS SO ORDERED.

        /s/ Richard J. Arcara
        _____
        HONORABLE RICHARD J. ARCARA
        CHIEF JUDGE
        UNITED STATES DISTRICT COURT

Dated: August    2  , 2005